THE STATE v. BATES, Appellant.

### Division Two, May 31, 1904.

1. **LARCENY: Proof of Date.** It is not essential that the proof should show the particular date alleged in the indictment. If the evidence leaves a doubt as to the exact date, whether the 18th or 19th, it is not error to instruct the jury that if they find defendant committed the offense charged on either date they will convict.

2. **EVIDENCE: Refreshing Memory.** Editors of newspapers may refresh their memories of the date of the larceny by the date of articles concerning it appearing in their papers.

3. **CONTINUANCE: Not Preserved In Bill: No Exceptions.** Assignments of error in overruling an application for a continuance can not be considered on appeal unless such application is incorporated in the bill of exceptions. Nor can they even then be reviewed unless an exception was saved to the ruling of the court on the application.

4. **NEW TRIAL: Newly-Discovered Evidence: Alibi.** If the newly-discovered evidence is at most merely cumulative of the alibi issue tried, the motion for a new trial should be denied.

5. **EVIDENCE OF OTHER CRIMES: Identification.** Evidence of other like larcenies committed on the same and other dates in the same town, is admissible to show that defendant was in that town on the day the larceny charged was committed, and for the purpose of identifying him.

6. **———: ———: No Exception.** The admission of evidence of other like offenses committed on the same and other days can not be held to be error if no objection or exception was saved at the time to its admission and no motion was subsequently made to exclude it.

Appeal from Jasper Circuit Court.—*Hon. Jos. D. Perkins*, Judge.

AFFIRMED.

*Newton & Kreider* for appellant.

*Edward C. Crow*, Attorney-General, and *C. D. Corum* for the State.

(1) The application for a continuance was properly overruled. It does not comply with the statute in that it does not show that due diligence was used to obtain the testimony of the witnesses. It does not show that defendant believed to be true the statements which he alleged he could prove by the witnesses; it does not show that he is unable to prove the facts alleged therein by any other witness whose testimony could be as readily procured. It does not show that the witness is not absent by the connivance, procurement and consent of defendant. It does not show that the application is not made for vexation. R. S. 1889, sec. 2600; State v. Howell, 117 Mo. 307. The application for a continuance can not be reviewed by this court because it is not incorporated in the bill of exceptions, and that is the only repository known to the law for such a motion. Besides, the record does not show that any exceptions were taken to the action of the court in overruling the motion. State v. Palmer, 161 Mo. 156; State v. Callaway, 154 Mo. 95; State v. Hancock, 148 Mo. 493. (2) If the position be taken that the affidavits of Hooker and Krieder only go to the alleged fact that defendant was not in Carthage on the nineteenth day of March, 1902, and that a new trial ought to be granted because of this alleged newly-discovered evidence, then there are several answers to that contention. In the first place, the motion for a new trial does not cover the point. In the next place, the evidence is cumulative, as the defendant introduced evidence tending to show an alibi. The affidavit of defendant is lacking in several of the essentials required. State v. Miller, 144 Mo. 65; State v. Tomasitz, 144 Mo. 86; State v. Bohn, 161 Mo. 94. Again, it was not necessary for the State to show that the offense was committed on any particular day, provided that it was within the statute of limitations.

GANTT, P. J.—This is a prosecution by information, duly verified by the prosecuting attorney of Jasper county, charging the defendant with having burglarized a building belonging to W. S. Crane, and with having feloniously stolen therefrom certain gold fillings, the property of W. W. Flora therein kept and deposited, of the value of forty dollars or more. The defendant was duly arraigned, tried and convicted of grand larceny, but acquitted of the burglary charge. After his motions for new trial and in arrest of judgment were heard and overruled, he appealed to this court.

The facts are these: On the eighteenth or nineteenth day of March, 1902, Dr. W. W. Flora, a dentist in Carthage, Missouri, was preparing to go to his noonday lunch. He was accompanied by a friend. As he was about to leave the office, the defendant came in and said he desired some work done. It seems that the dentist's time was engaged for that afternoon, and for some days thereafter, and it was accordingly arranged that the defendant should visit the office of the dentist some days thereafter. The parties then left the office of the dentist. He thinks that he locked the door of his private room and is positive that he did not lock the door of the reception room. It appears in evidence that prior to the visit of the defendant to the office of Dr. Flora, he had visited the office of Dr. Hardaway, and had also made an appointment with him. Dr. Hardaway had an attendant in the person of Miss Wrightsell, who observed the defendant at the time he visited the office. Afterwards, Dr. Hardaway desired some dental supplies and sent Miss Wrightsell to the office of Dr. Flora. She made the visit soon after twelve o'clock and before one. On entering the office of Dr. Flora, she discovered the defendant in the reception room. Dr. Flora had not yet returned. When he did return he began to attend some patient, and at about two or three o'clock in the afternoon discovered that a considerable amount of gold,

more than forty dollars worth, at least, was missing. The evidence also showed that the defendant had visited the office of at least four other dentists in town, and had made, or attempted to make, engagements with them. He visited the office of Dr. Wilson and told him his name was Goldstein, and made an appointment with Dr. Wilson but did not return. He told the prosecuting witness that his name was Rogers. He visited the office of Dr. Reed, and had an opportunity to steal some gold fillings from him. It appears that Dr. Reed lost some gold fillings about that time.

On his part, defendant offered evidence tending to prove an alibi. He did not go upon the witness stand.

The court instructed the jury to acquit the defendant of burglary, but submitted the case to them on instructions for both grand and petit larceny. The court instructed the jury fully on the character and amount of proof necessary to convict when the evidence was circumstantial as it was in this case; the presumption of innocence; and the credibility of witnesses. It correctly defined larceny in each degree.

I. The first ground for reversal urged is that the jury acquitted defendant of burglary and yet convicted him of larceny when the evidence disclosed that he was guilty of both crimes, if either. But the evidence does not convince us that the jurors were illogical in their verdict. They properly gave the defendant the benefit of the doubt as Dr. Flora was not positive that he locked his private room in which he kept his gold fillings. He found it unlocked when he returned from lunch. If the door to this room was left open, defendant did not commit burglary by going in there and stealing the fillings, but was guilty of larceny.

II. The defendant was sufficiently identified. His identification was a question of fact and the evidence was ample sufficient to justify the verdict.

III. The court committed no error in instructing the jury that if they found the defendant committed the offense either on the eighteenth or nineteenth of March, 1902, they would convict him. The evidence left a doubt as to the exact date. It was not essential that the proof should show the particular day alleged in the indictment.

IV. There was no error in excluding the newspaper articles. While the editors of those papers might have refreshed their memories by the date of the articles in fixing the date of the larceny the contents of the articles were in no sense evidence in the case. Moreover, those articles are not in the record and there is nothing before us to show their materiality or pertinency and they are not before us for review.

V. The alleged error in overruling the application for a continuance can not be reviewed because it is not incorporated in the bill of exceptions and no exception appears to have been taken to the refusal of the continuance. It is true the clerk has copied the application into the record proper but this unauthorized action of the clerk does not make it a part of the record proper. The only way in which it could have become a part of the record was by incorporating it in the bill of exceptions. [State v. Palmer, 161 Mo. 156, and cases cited.]

VI. There was no error in refusing a new trial on the ground of newly-discovered evidence based on the affidavits of Kreider and Hooper. These affidavits go merely to show that defendant was in Kansas City on the nineteenth of March, 1902, and hence their only tendency was to prove an alibi and were at most only cumulative. The affidavits were insufficient to obtain a new trial on the ground of newly discovered evidence. They are wanting in many particulars required in such cases. [State v. Welsor, 117 Mo. 582.]

VII. The point is made that the court erred in admitting evidence as to other offenses committed on the same and other dates. It is not necessary to consider this evidence in detail for the reason that it was received without any objection or exception at the time and no motion was subsequently made to exclude it on the ground of surprise. Moreover, it was admissible on the ground for which it was offered, namely, to show defendant was in Carthage on the day the larceny was committed, and for the purpose of identifying the prisoner. We find no reversible error in the record and the judgment is affirmed.

All concur.