STATE of Missouri, Respondent,

v.

Erwin Wayne JONES, Appellant.

No. 49054.

Supreme Court of Missouri,

Division No. 1.

June 11, 1962.

Motion for Rehearing or for Transfer to Court En Banc Denied July 16, 1962.

No brief or appearance for appellant.

Thomas F. Eagleton, Atty. Gen., James Wilson Spencer, Special Asst. Atty. Gen., Jefferson City, for respondent.

WESTHUES, Judge.

Defendant Erwin Wayne Jones was charged by an information with burglary and stealing. The offense was alleged to have been committed in Jackson County, Missouri, early on the morning of March 16, 1961. A trial by jury resulted in a verdict of guilty of stealing property of the value of at least $50.00. It was alleged that Jones had previously been convicted of a crime and had served a prison sentence. Evidence was offered to prove that allegation. The trial court assessed Jones' punishment at seven years' imprisonment in the State Penitentiary. An appeal was taken to this court.

Defendant was represented by court-appointed counsel. Defendant filed no brief in this court. We shall consider the points preserved for review in the motion for a new trial.

In this motion, defendant says that the evidence was insufficient to sustain a verdict of guilty; that the evidence of witness Jewel Gray was false; that the trial court should have instructed on petit larceny; and that the prosecutor, in his argument, referred to the defendant as a criminal. Defendant further questioned the sufficiency of the information and the verdict.

The State's evidence showed the following to have occurred: On the morning of March 16, 1961, Hall G. Pruitt went to his storeroom located at 3351 East 27th Street, Kansas City, Jackson County, Missouri, where he found that the glass of the front door had been broken. On investigation, he found that the cash register had been opened and about $20 had been taken therefrom. A further investigation disclosed that a number of firearms, valued at $89 had been taken. Among the firearms taken

were two rifles which Pruitt testified were worth more than $50. On the 17th day of March, two rifles which had been in the storeroom were sold by the defendant to one Happy Bruno. When arrested, defendant admitted having sold the rifles but claimed that he had sold them for one Elmer Davis and witness Jewel Gray. Gray testified that he and Davis were riding around in a car with Jones on the morning of March 17 but did not go to Bruno's place of business and were not present when the rifles were sold. Gray further testified that on the night of March 15, or early morning of March 16, he, Davis, and Jones were at a party "shooting craps"; that at about twelve o'clock (midnight) Davis asked the witness to go with him to break into Hall G. Pruitt's storeroom but that he refused; that Jones was present at the time. Gray testified that later, at about 3:00 a. m., Davis and Jones came back to the party and Davis said, "We got it." It was on the following morning that defendant Jones sold the rifles to Bruno. Gray testified that he was charged with burglary and stealing, the same as Jones, but that he turned State's evidence and the case was dismissed as to him. Gray stated that the only connection he had with the alleged theft was that he was with Davis and Jones on March 17, the day Jones allegedly sold the rifles to Bruno.

The defense consisted of an alibi. The defendant's mother, his sister, and his brother testified that defendant was at home on the night of March 15 and the morning of March 16 and could not have participated in the crime. Defendant did not testify.

■ It is evident that the evidence was ample to support a conviction. Possession of property recently stolen is sufficient to sustain a conviction. Defendant's explanation of the possession was a question of fact for a jury. State v. McLane, Mo., 55 S.W.2d 956, 1. c. 957(1); State v. Tomlinson, 350 Mo. 391, 177 S.W.

2d 493, 1. c. 494, 495(1) (2) (3, 4); State v. Woolsey, Mo., 328 S.W.2d 24.

■ Defendant's contention that "witness Jewel Gray deviated from the truth in his testimony" is a matter that was for the jury to decide. All the facts were before the jury and it was the jurors' province to believe or disbelieve his evidence.

■ The defendant says that the trial court should have instructed on petit larceny. All of the evidence as to value was that the property stolen was worth in excess of $80; this plus the $20 cash made a total of over $100. There was no evidence to the contrary. We rule the trial court was not required to instruct on petit larceny.

■ Neither may the defendant complain that the jury chose to find him guilty of stealing only but not burglary. Such a verdict was favorable to the defendant. State v. Willis, Mo., 328 S.W.2d 593, 1. c. 594(3, 4). The verdict was not defective or inconsistent and was authorized by an instruction of the court.

■ In his motion for new trial, defendant says the prosecutor in his closing argument said, "The police catch the 'CRIMINAL,' the State brings him to trial, and the jury must convict him." The record does not support that allegation. Note what was said: "There are three instruments in our community here of Jackson County that are necessary to protect the public. We have the police department, who apprehends the criminal; they investigate the crime, and apprehend the criminal. And then we have the prosecutor's office, to prosecute the defendants, the ones that are charged with crime. And thirdly, and the most effective instrument we have, is the jury. And you today are the members of the jury, sitting here as representatives of the entire citizens of Jackson County, and it is your responsibility to determine whether or not the defendant is guilty or innocent."

We see nothing wrong with that argument. No objection was made and, if one had been made, it should have been overruled.

We have examined the information in this case and find that it is in the usual and approved form of a charge of burglary and stealing. Further, we have examined other matters as required by S.Ct. Rule 28.02, V.A.M.R., and find no reversible error therein.

The judgment is hereby affirmed.

All concur.