**STATE of Missouri, Respondent,**

**v.**

**Albert BURRAGE, Appellant.**

**No. 52287.**

Supreme Court of Missouri,
Division No. 2.

July 10, 1967.

Motion for Rehearing or to Transfer to Court en Banc Denied Sept. 11, 1967.

Norman H. Anderson, Atty. Gen., Jefferson City, Gary A. Tatlow, Sp. Asst. Atty. Gen., Moberly, for respondent.

Elmer Price, Gary T. Sacks, St. Louis, for appellant.

FINCH, Presiding Judge.

Defendant was tried on an information which charged him with burglary in the second degree and stealing and with one prior felony conviction. The jury acquitted defendant of burglary but convicted him of

the felony of stealing more than $50.00. The trial court found the defendant did have a prior felony conviction on which he had been incarcerated and fixed defendant's punishment at imprisonment in the City Workhouse for one year with credit to be given for two months and twelve days time spent in jail. Defendant has appealed from that conviction and sentence.

Defendant was represented in the trial court by appointed counsel, who filed a brief on appeal and argued the case orally. The questions presented on appeal involve the sufficiency of the evidence and the propriety of certain instructions.

■ The State's evidence, viewed most favorably, as we must do in passing on the sufficiency of the evidence to support a verdict of guilty, State v. Taylor, Mo., 324 S.W.2d 643, 76 ALR 2d 671, supports the following recital of facts: On February 28, 1966, sometime between 8:15 a.m., and 3:30 p.m., a television set, a sewing machine, a hi-fi, some records, a fan, and a steam iron were taken from the apartment of Mrs. Barbara Davis at 1368a Clara in the City of St. Louis. The theft was discovered the latter part of the afternoon and Mrs. Davis notified the police.

On the evening of March 1, 1966, at approximately 10:30 p.m., two officers of the St. Louis Police Department noticed a car stopped in a "No Parking" zone at 1500 Clara. Standing next to the rear door on the left side of the car was the defendant, Albert Burrage. Two people were observed on the other side of the car but they moved away and disappeared as the police car approached. The officers got out of their car and approached the parked car. The left rear door of that car was open and the officers observed a television set on the rear seat of the car.

The officers placed a parking violation ticket on the car and asked who owned the television set, and Burrage said that it belonged to him and that he was going to pawn it because he had a daughter in Ho-

mer G. Phillips Hospital and needed the money. He further stated that he brought it from his girl friend's house at 1368 Clara. He gave her name as Aline Baker. With reference to the car itself, defendant told the officers that it belonged to his brother-in-law, Joe Hughes, and said something to the effect that Hughes had gone over to East St. Louis, leaving the car there with him. The officers ascertained that the car was registered to Joe Hughes at an address in St. Louis. They sought to talk to him there but he was not at home and apparently there was no attempt to locate him later. The officers' best recollection was that the keys to the car were in the ignition switch at the time they talked to the defendant.

The officers told defendant they would go to 1368 Clara to see whether Aline Baker would verify his statement that he had brought the television set from her house, and they took defendant along. Miss Baker did not verify the defendant's story and said that she did not know anything about the television.

The officers then took defendant to the Seventh District Station at Union and Page for normal booking procedure. When defendant was searched, some pawn tickets were found in his pants pocket, one of which indicated on its face that it was for a sewing machine pawned at a pawn shop on Franklin Avenue. The officers contacted Mrs. Davis and she came to the police station and identified the television set as the one taken from her place. The next day, Officer Reed took Mrs. Davis to the pawn shop where she identified the sewing machine represented by the pawn ticket as being the one taken from her apartment.

The evidence disclosed that the defendant was living with Miss Baker at 1368 Clara, which was the downstairs apartment in the same building where Mrs. Davis occupied the second-story apartment.

We hold that the evidence was sufficient to sustain the conviction of defendant for

stealing the articles in question. This was not simply a case of defendant being in the vicinity in suspicious circumstances. When the officers found defendant at 10:30 p.m., standing beside the open rear door of the car in which the stolen television set was located, he told them that the car belonged to his brother-in-law, who had gone to East St. Louis and had left the car there with him. The keys were in the car. Furthermore, defendant claimed ownership of the stolen television set, saying he had brought it from the apartment of his girl friend at 1368 Clara and that he was going to pawn it. Hence, he claimed ownership of and dominion over the stolen article found in his possession. In addition, the defendant had in his pocket a pawn ticket for the stolen sewing machine. It is true, as defendant points out, that the clerk at the pawn shop stated that he could not identify the defendant as the man who pawned the sewing machine, but the fact remains that the defendant, on the evening following the theft of the sewing machine, was in possession of the pawn ticket which covered the stolen sewing machine. Defendant asserts that the evidence did not clearly establish that the pawn ticket was in the pants pocket of the defendant and that the officers indicated that it might have been in the pocket of a fatigue jacket which defendant's brief asserts the defendant picked up off of the seat of the car when he accompanied the officers. We do not agree with this interpretation of the evidence. We find that Officer Reed said, "To the best of my knowledge, those tickets came out of his pocket, his trouser pocket; I do not remember which one of his pockets it was, out of his trouser pocket." When asked if he was sure that the ticket did not come out of the fatigue jacket, the officer replied, "I don't known anything about a fatigue jacket." This evidence, viewed most favorably for the State, certainly established that the pawn ticket was in the defendant's pants pocket.

The rule is well settled that possession of recently stolen property is suffi-cient to sustain a conviction of larceny. State v. Jones, Mo., 358 S.W.2d 782, 784[2]; State v. Durham, Mo., 367 S.W.2d 619, 621[2]; State v. Reagan, Mo., 328 S.W.2d 26, 29[6]. To authorize such inference of guilt, the defendant's possession of the property should not be too remote in point of time from the larceny, and "it should be a personal possession, exclusive, distinct and conscious, and unexplained." State v. Durham, supra, 1. c. 622. Where, as here, there is no question but what the property was stolen, or as to the identity of the property in the defendant's possession, and the possession was on the day following the larceny, and the defendant asserted ownership, possession and control over the property, it was permissible for the jury to infer therefrom that defendant had participated in the stealing.

Defendant cites several cases as authority for the proposition that the court erred in overruling his motion for judgment of acquittal. These cases, however, are not analogous. In State v. Rogers, Mo., 380 S.W.2d 398, a case of attempted burglary, there was no element of recent possession of stolen property present. An officer had observed the defendant in a car on a shopping center parking lot on two occasions during the night, but defendant was not seen attempting to break into the jewelry store and there was no evidence to connect the defendant with some items such as gloves, a white pillow case, etc., which were found in front of the jewelry store, and there was nothing to show anything except that defendant had an opportunity to commit the crime and had been guilty of suspicious actions.

In State v. Watson, Mo., 350 S.W.2d 763, the defendant was a passenger in a car in which some stolen goods were found. The driver of the car testified that he and another man and two women had committed the burglary but that the defendant had nothing to do with it and he had picked him up later as a hitchhiker. We will not detail all of the evidence in the case here, but the court concluded that the evidence was not

inconsistent with the defendant being a hitchhiker and wholly innocent of the burglary and stealing, and hence reversed the defendant's conviction. The court held that the evidence did not establish possession of the stolen goods by the defendant so as to justify an inference of his guilt.

In State v. Walker, Mo., 365 S.W.2d 597, a power saw was stolen and was found about three weeks later in a creek about one-fourth mile from the house of the man from whom the saw was stolen. There was evidence that the defendant was in the neighborhood on the night of the taking, under suspicious circumstances, but this court held that circumstantial evidence showing a mere opportunity to commit a crime and creating a suspicion only is not enough to sustain a conviction for stealing. Here, again, there was no possession of stolen articles, and the case is not analogous. The same is true of the other cases cited on this point by the defendant.

Defendant's other claims of error presented on appeal relate to Instructions Nos. 3 and 5 and to the failure of the court to give Instruction No. A which was tendered by the defendant. The three instructions in question were as follows:

"Instruction No. 3

"If you find and believe from the evidence that the defendant is not guilty of burglary in the second degree, but find beyond a reasonable doubt that on February 28, 1966, the defendant did wrongfully take and carry way from the possession of Barbara Davis, occupant of the dwelling house and building and from the said dwelling house and building of the said Barbara Davis, the property described in the evidence, to-wit: one General Electric make television set, of the value of $50.00, one Sew-Mor make sewing machine, of the value of $45.00, one Tru-Tone make Stereo, of the value of $50.00, various phonograph records, of the total value of $50.00, one electric iron of the value of five dollars, one Breeze Box make fan, of the value of

five dollars, or any of said property of the value of $50.00 or more, with the felonious intent at the time to fraudulently convert the same to his own use and deprive the owner thereof permanently without her consent, and if you find that said property was the property of Barbara Davis, occupant of the said dwelling house and building and was of the value of fifty dollars or more, then you will find the defendant guilty of stealing in the amount of fifty dollars or more; and unless you so find the facts to be, you will acquit the defendant altogether."

"Instruction No. 5

"You are further instructed that evidence is of two kinds, direct and circumstantial. Evidence is direct where a witness testifies directly of his own knowledge of the main fact or facts to be proven. Circumstantial evidence is the proof of facts and circumstances in a given case from which the jury may infer other and connected facts which usually and reasonably follow, according to the common experience of mankind.

"Crime may be proven by circumstantial evidence as well as by the testimony of eye witnesses; but, in order to justify the conviction of a defendant upon circumstantial evidence alone, it is not sufficient that the facts proven coincide with, account for, or even render probable the hypothesis sought to be established, but they must exclude every other hypothesis but the one sought to be established, namely the guilt of a defendant; and unless the facts and circumstances proven are consistent with each other, and with the guilt of a defendant, and absolutely inconsistent with and unexplainable upon any other reasonable theory than that of the guilt of such defendant, under the law you would not be justified in convicting him upon such evidence alone."

"Instruction A

"There is no direct evidence of the guilt of the defendant in this case. Before you can convict the defendant on circumstantial

evidence alone, the facts and circumstances must all form a complete chain, and must all point to his guilt, and must be irreconcilable with any reasonable theory of his innocence, and before you can convict the defendant on circumstantial evidence alone, the circumstances must not only be consistent with his guilt and point directly thereto, but must be absolutely inconsistent with any reasonable theory of his innocence.

"Therefore, if you find and believe that the facts proved are not consistent with the guilt of the defendant, or that such facts are not inconsistent with any rational theory of the innocence of the defendant, or if all of such facts taken together do not prove the guilt of the defendant beyond a reasonable doubt, you must find the defendant not guilty."

■ The first attack on Instruction No. 3 is that it submits to the jury the issue of the theft of items concerning which there was no evidence connecting defendant with the taking of such items. These were the various items other than the television set and the sewing machine. In State v. Weaver, Mo., 56 S.W.2d 25, only one of several items stolen was recovered. It was a revolver and was not by itself sufficient to sustain a conviction in the case of grand larceny. On the very issue raised herein by defendant with respect to Instruction No. 3, this court said, l. c. 26: "The defendant was charged with burglary and larceny, and was found guilty only of larceny. Evidence tending to show that defendant stole the revolver also tended to show that he stole the other articles. It has been decided in other jurisdictions that possession of a part of the property stolen is evidence tending to show the theft of it all. Lynch v. State, 95 Ark. 168, loc. cit. 172, 128 S.W. 1053; 36 C.J. 896."

■ It was not error to include in the instruction the other items shown to have been taken even though some of them were not specifically traced to the possession of defendant. Evidence tending to show that defendant stole the television set and the sewing machine also tended to show the theft by him of the other articles.

■■ Defendant's second attack on Instruction No. 3 is that it placed values on items stolen although evidence of such values was weak, at best, and because such values were for the jury to determine. Almost this identical objection was made and rejected by this court in State v. McCulley, Mo., 327 S.W.2d 127, 130 [3], to an instruction which was essentially the same as Instruction No. 3. The court there held that such evidence was sufficient to submit the issue of value to the jury. Similarly, here Mrs. Davis testified as to values of the various items stolen and there was no evidence to the contrary. This was sufficient justification for submitting such values to the jury and under the instruction the jury was specifically required to find that the value of the property stolen exceeded $50.00. "At least as to common classes of personal property, the testimony of the owner without more is sufficient to justify submitting to the jury the issue of the value of such property." State v. Walker, Mo., 365 S.W.2d 597, 599.

The third attack on Instruction No. 3 is that it failed to tell the jury that if they acquitted defendant of burglary in the second degree but found him guilty of stealing, they must determine the value of the goods stolen and return a verdict in accordance with their determination of value, which would be either stealing $50.00 or more or stealing less than $50.00. Actually, the instruction told the jury that unless they found the property stolen was of the value of $50.00 or more, they should acquit the defendant.

■ In this case the only evidence with respect to the value of the property was that it was of a value exceeding $50.00. There was no evidence to justify a finding that the property taken was of a value of less than $50.00. Under those circumstances, the trial court was not required to

instruct on stealing of property of value less than $50.00. State v. Knicker, Mo., 366 S.W.2d 400, 402[2]; State v. Jones, Mo., 358 S.W.2d 782, 784[5]. The case of State v. Crow, Mo., 388 S.W.2d 817, relied on by defendant, does not hold otherwise. In that case the evidence was that the defendant had stolen $6.00. The jury found him guilty of burglary so that the amount stolen was immaterial. All this court's opinion in that case holds is that the failure of the court to instruct on the offense of stealing less than $50.00 was not prejudicial to the defendant because the jury found him guilty of burglary. That holding does not imply that an instruction on stealing less than $50.00 is required where all the evidence was that the property taken exceeded the value of $50.00.

Instruction No. 5 is attacked as an incorrect instruction on the law of circumstantial evidence. Specifically, defendant complains that it did not require the State to assume the burden of proof beyond a reasonable doubt with respect to circumstantial evidence. The defendant cites the cases of State v. Worley, Mo., 353 S.W.2d 589, and State v. Drake, Mo., 298 S.W.2d 374, 377, cases in which the circumstantial evidence instruction approved by the court did in fact contain language to the effect that the jury must be satisfied beyond a reasonble doubt. Those cases did not, however, hold that such language must be contained in every circumstantial evidence instruction and that failure to include such language within the body of the circumstantial evidence instruction would be prejudicially erroneous. As a matter of fact, there are numerous cases in which this court has approved circumstantial evidence instructions which in and of themselves make no reference to the matter of proof beyond a reasonable doubt. State v. Regazzi, Mo., 379 S.W.2d 575, 579 [3]; State v. Fletcher, Mo., 244 S.W.2d 98, 103 [6]. See, also, Raymond, Missouri Instructions, Vol. 2, §§ 3431–3448.

 All of the instructions must be read together and the question is whether the instructions, read as a whole, fairly informed the jury that to convict on circumstantial evidence, they must find that such evidence established defendant's guilt "beyond a reasonable doubt." The instructions in this case did so.

Instruction No. 3 told the jury that if they acquitted defendant of burglary (which they did), but found "beyond a reasonable doubt" that defendant wrongfully took property of a value of $50.00 or more from Mrs. Davis, they should convict him of stealing in an amount of $50.00 or more. Instruction No. 5 then explained that evidence could be either direct or circumstantial, and that "to justify the conviction of a defendant upon circumstantial evidence alone, it is not sufficient that the facts proven coincide with, account for, or even render probable the hypothesis sought to be established, but they must exclude every other hypothesis but the one sought to be established, namely the guilt of a defendant; and unless the facts and circumstances proven are consistent with each other, and with the guilt of a defendant, and absolutely inconsistent with and unexplainable upon any other reasonable theory than that of the guilt of such defendant, under the law you would not be justified in convicting him upon such evidence alone."

Instructions Nos. 3 and 5, when read together, did adequately cover the issue of circumstantial evidence and the fact that guilt based thereon must be established beyond a reasonable doubt.

 As this court said in State v. Armstrong, Mo., 361 S.W.2d 811, 818, "no certain and specific terminology is required in a circumstantial evidence instruction so long as it advises the jury, in substance, that the circumstances proved must be consistent with each other and with the hypothesis that the defendant is guilty, and inconsistent with any theory of his innocence and with every reasonable hypothesis, except that of guilt. State v. Conway, 348 Mo. 580, 154 S.W.2d 128, 131(4, 5); State

v. Maggard, 250 Mo. 335, 157 S.W. 354, 357."

In view of the fact that Instructions Nos. 3 and 5 adequately instructed the jury on the issue of circumstantial evidence and the burden of proof with reference thereto, it was not prejudicial error for the court to refuse defendant's tendered Instruction A.

An examination of the record as required by S.Ct. Rule 28.02, V.A.M.R., discloses no error.

The judgment is affirmed.

All of the Judges concur.