**STATE of Missouri, Respondent,**

**v.**

**Francis Lee ROBB, Appellant.**

**No. 53381.**

Supreme Court of Missouri,
Division No. 1.

March 10, 1969.

Motion to Transfer to Court En Banc Denied
April 14, 1969.

John C. Danforth, Atty. Gen., Jefferson City, F. Daley Abels, Special Asst. Atty. Gen., St. Louis, for respondent.

John B. Newberry, Springfield, for appellant.

HOUSER, Commissioner.

Charged with one prior conviction of a felony and burglary and stealing, Francis Lee Robb was acquitted of burglary, convicted of stealing and committed to the custody of the department of corrections for five years under the Second Offender Act. On this appeal he takes exception to two instructions given the jury, challenges the sufficiency of the evidence to prove a previous conviction, and claims that the prosecuting attorney erred in mentioning another crime in his opening statement and erroneously commented in his final argument on appellant's failure to take the witness stand.

## I. The Instructions

The specific charge was burglary of 66 Auto Salvage in Greene County and theft therefrom of 125 auto radiators, worth more than $50. Instruction No. 3, briefly condensed, told the jury that if they found defendant not guilty of burglary they would find him guilty of stealing as charged in the information if they found that defendant on or about March 10, 1967 did steal 125 radiators of the value of more than $50, property of Marvin Jones, doing business as East 66 Auto Salvage, without the consent of the owner and with intent to permanently deprive the owner of the use thereof. Instruction No. 5 defined the words feloniously, wickedly, unlawfully, intentionally, burglariously, steal and intent. The definition of stealing was the standard, general instruction with reference to exercise of dominion over property of another in a manner inconsistent with the rights of the owner, and did not limit the definition to the exercise of such dominion at the time and place of the burglary.

■ Appellant complains that the instructions did not limit the stealing to the place mentioned in evidence but only to Greene County. The information charged that the offense occurred in Greene County. The instruction required the jury to find that the offense occurred in Greene County. There was no issue on the question of venue. It was uncontradicted that the 66 Auto Salvage from which the property disappeared was situated in Greene County. There is no requirement in a burglary and stealing case that the venue of the stealing charge be specifically limited in the instruction to the place of the burglary within the county. An instruction limiting the offense to one committed within the county is sufficient. See, generally, 23A C.J.S. Criminal Law § 1196b.

■ Appellant complains that the instructions did not limit the taking to March 10, 1967 but allowed a finding of guilt if the stealing took place "on or about" March 10, 1967. Where time is not an essential and material element of the offense an instruction is proper which submits that the offense was committed "on or about" the time alleged. State v. Armstead, Mo.Sup., 283 S.W.2d 577; State v. Wilson, Mo.Sup., 286 S.W.2d 756; State v. Walker, 357 Mo. 394, 208 S.W.2d 233.

Appellant further contends that the instructions allowed the jury to convict appellant of stealing "without finding that he had anything to do with the burglary or the connected larceny as charged in the information"; that there was no evidence connecting appellant with the commission of the burglary; that he is not shown to have had anything to do with the affair until four days later when he sold the radiators at a farm far removed from the scene of the burglary; that he was charged with a stealing connected with a burglary at a certain time and place but was convicted of another offense—a stealing not connected with the burglary and occurring at another time and place; that the jury "could not possibly have believed that the appellant was innocent of the charge of burglary but guilty of stealing the radiators in question at the same time" and that the jury necessarily must have believed that appellant's connection with the stealing was at a time subsequent to the time of the burglary.

There was evidence that sometime during the night of March 10–11, 1967 the 66 Auto Salvage, belonging to Marvin Jones, was broken into and that approximately 125 radiators owned by him and an automobile truck were missing; that the value of the radiators was $5 each; that on March 15 appellant agreed with one Snider for the sale to Snider of some used car radiators for $3 each; that Snider directed appellant to deliver the radiators to his father's farm; that on March 15 appellant procured one Buddy Lee to rent a truck, appellant putting up the deposit therefor, and at night directed Buddy Lee to drive the truck out into the country, through a

gate and field, with the lights out, to a gully in a field where the radiators were found and loaded into the truck, transported to a barn, unloaded from truck to barn, and covered with hay; that appellant brought these radiators to the Snider farm on March 15 and delivered to Snider's employee, who reported to Snider; that on March 16, after determining that the radiators had been so delivered, Snider paid appellant and another for the radiators; that at that time appellant told Snider that the radiators were from the East 66 Salvage; that the same radiators were removed from the Snider farm to the Dishman farm on the night of March 20, where they were found by the sheriff and brought to the courthouse on March 22, where they were identified by Marvin Jones as the same radiators missing from his place of business on the morning of March 11. Appellant did not take the stand and presented no explanation of his possession of the stolen property.

■ The evidence was sufficient to support the giving of Instructions Nos. 3 and 5. Evidence of burglary and of recent, exclusive and unexplained possession of stolen property is sufficient to submit a burglary and stealing case to the jury and to convict the accused of both offenses, State v. Worsham, Mo.Sup., 416 S.W.2d 940; State v. Kennedy, Mo.Sup., 396 S.W. 2d 595; State v. Durham, Mo.Sup., 367 S. W.2d 619; State v. Oliver, 355 Mo. 173, 195 S.W.2d 484, or to convict him of the offense of stealing only, State v. Burrage, Mo.Sup., 418 S.W.2d 101; State v. Webb, Mo.Sup., 382 S.W.2d 601; State v. Jones, Mo.Sup., 358 S.W.2d 782; State v. Weaver, Mo.Sup., 56 S.W.2d 25; State v. Bates, 182 Mo. 70, 81 S.W. 408, and appellant may not complain that the jury chose to find him guilty of stealing only but not of burglary, because such a verdict is favorable to appellant. State v. Jones, Mo.Sup., 358 S.W.2d 782 [6]; State v. Willis, Mo. Sup., 328 S.W.2d 593, 594 [3, 4].

## II. Proof of Prior Felony

■ The claim is that the records relied upon to prove the commission of a prior felony were not properly authenticated and were not actual court records; that Exhibit 100 was not an actual copy of the judge's orders or a copy of any commitment required to be made by the circuit court, but merely a typewritten memorandum or summary prepared by the clerk. The exhibit purports to be a true copy of the original judgment and sentence; the application for parole and subsequent order of discharge from parole, in this case, as the same appears of record in the office of the Circuit Clerk of Webster County. It is signed and attested by the circuit clerk, acting through a deputy clerk, with the official seal of the court impressed thereupon. It recites the caption and number of the case, the appearances, the filing of a presentence investigation report, the fact that on a day certain Francis Lee Robb entered a plea of guilty to the charge of stealing cattle as charged by way of information, the entry of a plea of guilty to the charge of stealing cattle, a sentence of confinement to the department of corrections for a period of two years, and an order to the sheriff to remove and safely convey the defendant to the reception center and to the department to receive and safely keep him until the sentence be complied with, etc., all in due form and according to law. Following that is a separate entry which purports to be a copy of a judgment entry reciting appearances, the filing of an application for parole, submission of the application, and the order sustaining the application and ordering that defendant be paroled on certain named conditions. Following that is an entry which is the record of an order dated approximately twenty-five months later, discharging defendant from the parole. The exhibit complies with the requirements of § 490.130 RSMo 1959 relating to certified copies of the record of proceedings in courts of record in this state; was entitled

to be received as evidence of the acts and proceedings of the circuit court in this case, and was a sufficient basis for the court's finding under § 556.280, RSMo 1959 (the Second Offender Act).

The further contention that the records show that the prior crime was that of cattle stealing, and that cattle stealing is no crime under state law, is rejected. §§ 560.156, 560.161, RSMo 1959.

### III. Prosecutor's Opening Statement and Final Argument

■ In detailing the testimony he intended to introduce the prosecuting attorney told the jury that the owner of the property, Marvin Jones, would testify that he closed and locked his place of business, with the radiators in the securely fastened buildings inside a fence, and that "he owned a dump truck which he left on the lot there inside the fence. The keys to this dump truck were left in the office, which was also locked and secured"; that the next morning Mr. Jones found the office window broken out, the keys to the dump truck gone, the dump truck itself gone, the radiators gone, and the lock securing the gate to the fence surrounding the place of business "off." No objection was made to the reference to the dump truck until the conclusion of the prosecutor's opening statement (six pages later in the transcript). Then, tardily, an objection was made that there was nothing in the information charging the theft of a dump truck. On this appeal appellant makes the point that it was error for the state to refer to the commission of an independent crime. Objections must be timely made, and this objection came too late to preserve the point, and there was no motion to strike the statement. Furthermore, the disappearance of the truck and the disappearance of the large number of radiators (the conveyance of which obviously required some kind of vehicle) occurred in the course of the same transaction, and forms a part of the res gestae of the crimes charged. "When a defendant in the course of the perpetration of one crime commits another, the state is not required to nicely sift and separate the evidence and exclude the testimony, tending to prove the crime for which he is not on trial, when it forms a part of the res gestae of the crime charged." State v. Sinovich, 329 Mo. 909, 46 S.W.2d 877 [10, 11].

■ In his final argument to the jury the prosecuting attorney analyzed the evidence on various phases of the case, and on five occasions stated that the state's evidence to which he made reference was *uncontradicted*. This is objected to as constituting a comment on the failure of the defendant to take the witness stand, in violation of Article I, Section 19, Constitution of Missouri, 1945, V.A.M.S. and § 546.270, RSMo 1959. The prosecuting attorney did not state that the defendant failed to take the stand, or failed to testify, or that the defendant failed to contradict the state's testimony in any respect. The prosecuting attorney was merely telling the jury, in effect, that the evidence, all of which came from the state, stands without contradiction or dispute from the defense. This is permissible. State v. Baker, Mo.Sup., 439 S.W.2d 515 (decided March 10, 1969); State v. Dunlap, Mo.Sup., 408 S.W.2d 4, 7; State v. Craig, Mo.Sup., 406 S.W.2d 618; State v. McDaniel, Mo.Sup., 392 S.W.2d 310; State v. Tallie, Mo.Sup., 380 S.W.2d 425; State v. Hardy, 365 Mo. 107, 276 S.W.2d 90, 95 [8, 9]; State v. Steele, 280 Mo. 63, 217 S.W. 80.

The judgment is affirmed.

WELBORN and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

HENLEY, P. J., concurs.

STORCKMAN, J., concurs in result.

SEILER, J., dubitante.