STATE of Missouri, Respondent,

v.

Donald Eugene BAKER, Appellant.

No. 53977.

Supreme Court of Missouri,
Division No. 1.

March 10, 1969.

Motion for Rehearing or to Transfer to Court
En Banc Denied April 14, 1969.

Norman H. Anderson, Atty. Gen., Jefferson City, Timothy G. Noble, Asst. Atty. Gen., St. Louis, for respondent.

J. Arnot Hill, The Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant.

HIGGINS, Commissioner.

Appellant was convicted by a jury of molesting minor with immoral intent, Section 563.160, V.A.M.S., and his punishment was assessed at 5-years' imprisonment in custody of the Department of Corrections. Sentence and judgment were rendered accordingly.

Appellant tacitly concedes the sufficiency of evidence to support his conviction and a brief statement demonstrates that the state made a submissible case.

The victim and prosecuting witness, 10 years of age and in the fifth grade of school, testified that on July 18, 1967, he and two other boys were invited by appellant to ride in his car and he drove them to a wooded area off Cliff Drive, Kansas City, Missouri. Appellant unbuttoned the witness's trousers and put his hand on the boy's penis. "He played with the penis." Appellant also unbuttoned his own trousers and took the witness's hand and placed it on his penis. One of the other boys testified in corroboration, and both

witnesses demonstrated an understanding of the nature of their testimony and the sanctity of their oaths. Appellant did not testify.

Appellant's first complaint of lack of fair trial is that the prosecuting attorney commented on appellant's failure to testify when he argued: "I submit to you that the evidence is undisputed that this defendant, Donald Eugene Baker, did on the 18th of July, 1967, commit a heinous and horrendous crime against a small 10-year-old boy. For whatever reason Mr. Baker may have had at the time, whatever fancy may have caught him, whatever his problem is, it is undisputed from this witness stand that he did it, and the law says that when he does a crime like this that he has to be punished, and that's what we have juries for, to decide whether or not he did, in fact, commit the crime, which I submit to you is undisputed, he did,   * * *."

Under Section 546.270, V.A.M.S., "If the accused shall not avail himself * * * of his * * * right to testify, * * * it shall not * * * be referred to by any attorney in the case * * *." State v. Conway, Mo., 348 Mo. 580, 154 S.W.2d 128, 132[9].

■ That this provision has not been violated in this case is demonstrated by a number of cases holding no violation by arguments to the same effect, e. g., State v. Ruck, 194 Mo. 416, 92 S.W. 706, 713, "Here we have testimony undenied, undisputed by no living or unliving witness—"; State v. Varner, Mo., 329 S.W.2d 623, 633[18], "* * * they have offered no defense to you"; State v. Perkins, Mo., 382 S.W.2d 701, 705, "And the only evidence in the case is the evidence that the State produced. * * * If * * * you were innocent * * * and could prove that you were innocent * * *, wouldn't you do it?"; State v. Michael, Mo., 361 S.W.2d 664, 666, "* * * when the state had concluded its evidence in this case the defendant [defense] was free to offer any evidence it chose and none was forthcom-

ing"; State v. Hayzlett, Mo., 265 S.W.2d 321, 323, "When the State closed the evidence, what did the defense offer? They offered no evidence at all"; State v. Dunlap, Mo., 408 S.W.2d 4, 7[3], "You haven't heard one scintilla of evidence from the defense in this case,"; and, finally, State v. Hardy, Mo., 276 S.W.2d 90, 95[8, 9], "Look at the evidence on the State's side of the scale. On the defendant's side is nothing," and the prosecuting attorney also, on three occasions, referred to the state's evidence as "uncontradicted." See also State v. Robb, Mo., 439 S.W.2d 510.

■ Appellant complains next that his character, although not in issue, was attacked by the victim's mother when she testified:

"Q Did he ever take David anywhere or go out with David or play with David? A Not to my knowledge, he didn't, because we had warned David against it."

There was no objection to this answer including the volunteered portion of it, nor was there any request for relief on this account, during the remainder of the trial, and appellant even pursued the inquiry and sought the same answer upon cross-examination:

"Q You stated that you warned David against going around with Mr. Baker here? A Yes."

Appellant does not support his contention with any authority, and suffice to say none is known characterizing this trial circumstance as reversible error.

■ Finally, appellant complains of the prosecuting attorney's argument that "All through this presentation by Mr. Reese (defense counsel) he is expecting the same standards out of 10-year-old and 12-year-old children that he would out of you." Appellant recognizes that "Standing alone, this comment may not have been prejudicial, but when considered with the other consignments of error, * * * the accu-

mulative effect was prejudicial." No authority is cited or known holding this comment to be error, and it could not be cumulative to matters in connection with which the court committed no error. Chism v. Cowan, Mo., 425 S.W.2d 942, 950.

Judgment affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

HENLEY, P. J., and STORCKMAN, J., concur.

SEILER, J., dissents in separate dissenting opinion filed.

SEILER, Judge (dissenting).

I respectfully dissent, because while the prosecutor did not directly state defendant did not take the stand to deny the charges, this was the clear effect of his argument. I believe the statute prohibits comment on the fact the defendant did not take the stand, whether it is accomplished by direct, pointed language or by language which says so in effect. If we apply the statute so that it does not reach comment the clear effect of which is to point out that the defendant did not take the stand and dispute the charges, we are giving the statute a narrow application not justified by the broad language of its terms and are, as a matter of its practical application in the trial of a criminal case, emasculating it. The statute is phrased in the imperative and its mandate is that if defendant does not avail himself of his right to testify, " * * * it shall not be construed to affect [his] innocence or guilt * * * nor shall the same raise any presumption of guilt, nor be referred to by any attorney in the case, nor be considered by the * * * jury * * *" To say as was done here, where the defendant saw fit not to testify and where there were only three parties present, one being defendant and the other two having testified, that " * * * For whatever reason Mr. Baker may have had at the time, whatever fancy may have caught him, whatever his problem is, it is undisputed from this witness stand that he did it * * *" is merely a covert way of saying to the jury, "You will observe that the defendant did not take the witness stand and deny the charges made by the two boys", and is a clear violation of the intent of the statute. To borrow the analysis used in a similar problem in State v. Synder, 182 Mo. 462, 82 S.W. 12, 31, only the two boys and defendant were present when the alleged crime was committed, and as the two boys testified to it, there was no other person in existence save the defendant who could deny their statement as to what occurred, and no other conclusion can be drawn than that the prosecuting attorney did refer to defendant's failure to go on the witness stand and deny the statement of the boys and that the attention of the jury was thus called to defendant's failure to testify and to deny the statements. See also State v. Hayzlett (Mo. Sup.) 265 S.W.2d 321, 323.

It seems to me that the argument here approved also violates the constitutional provisions against self-incrimination. Although our federal (Fifth Amendment) and state (Art. I, § 19, 1945 Constitution) constitutions give every one an absolute right not to be compelled to testify against himself, under the decision today the exercise of this right may be at the price of its being commented upon to the jury. No such penalty should attach to the assertion of a constitutional right. " * * * It cuts down on the privilege by making its assertion costly * * *" and such comment by the prosecutor on the accused's silence is forbidden by the Fifth Amendment through the Fourteenth Amendment, Griffin v. California, 380 U.S. 609, 615, 85 S. Ct. 1229, 14 L.Ed.2d 106.

I would reverse and remand.