**STATE of Missouri, Respondent,**

v.

**Ned Willie HUTCHINSON, alias Raymond Michaelson, alias Nicholas Swift, Appellant.**

**No. 54562.**

Supreme Court of Missouri, En Banc.

Oct. 21, 1970.

John C. Danforth, Atty. Gen., Charles A. Blackmar, Asst. Atty. Gen., Jefferson City, for respondent.

Harry L. Bell, St. Louis, for defendant-appellant.

PER CURIAM.

Appellant, Ned Willie Hutchinson, was convicted in the Circuit Court of the City of St. Louis, of stealing an automobile, and his punishment, under the provisions of the Habitual Criminal Act, was assessed at imprisonment for a term of two years.

Following rendition of judgment and imposition of sentence an appeal was perfected to this Court.

Appellant does not question the sufficiency of the evidence to sustain the conviction. The issues presented on this appeal result from the fact that he did not testify at the trial.

Appellant first asserts that he should be granted a new trial because the record does not affirmatively show that the trial court or his counsel advised him of his right to testify in his own behalf. He cites Poe v. United States, D.C., 233 F.Supp. 173, in which case the Court held that the right of an accused to testify in his own behalf is a constitutional right guaranteed by the Fifth and Sixth Amendments to the United States Constitution. Appellant then cites Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (which involved a plea of guilty), and Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (which involved waiver of right to counsel), assumes from Poe, supra, that the right to testify is a constitutional right, and reasons from the holdings in Boykin, supra, and Carnley, supra, that the record in a criminal case must affirmatively show that the trial court or counsel advised him of his right to testify in his own behalf.

◼ We believe the assumption that the right to testify is a constitutional right is erroneous. The assumption ignores the history of the right. The common law rule, when our Nation was founded, was that an accused in a criminal trial could not testify in his own behalf. An accused was first given the right to testify in Missouri by statute in 1877 (V.A.M.S., § 546.260), and in the federal courts by statute in 1878 (18 U.S.C. § 3481). We need not relate the history of the right in this opinion. The extended discussions in Ferguson v. Georgia, 365 U.S. 570, 573–582, 81 S.Ct. 756, 5 L.Ed.2d 783, and Popper, History and Development of the Accused's Right to Testify, 1962 Washington University Law Quarterly, page 454, et seq., conclusively demonstrate that the right of a criminal defendant to testify in his own behalf is a statutory right and not a constitutional right. This view is supported in Sims v. Lane, 7 Cir., 411 F.2d 661, at 664, where the Court said:

"In the federal courts, the privilege of an accused to testify in his own defense is merely statutory, abrogating the common law rule of incompetence. 18 U.S.C. § 3481. No case has been brought to our attention to support petitioner's contention that the Fourteenth Amendment accords a defendant in a state court a federal constitutional right to testify. To the contrary, the federal rule seems to be that the exercise of this right is subject to the determination of competent trial counsel and varies with the facts of each case."

◼ We hold that the record in a criminal case need not affirmatively show that the trial court or counsel advised accused of his right to testify in his own behalf. The question whether appellant was given effective assistance of counsel in this respect cannot be decided on this record on this appeal. State v. Cluck, Mo.Sup., 451 S.W.2d 103 [7–8].

Appellant next asserts that he is entitled to a new trial because "[t]he statements made by the prosecutor in his trial argument, called to the jury's attention defendant's failure to testify and thereby violated defendant's constitutional right against self-incrimination and violated defendant's statutory right not to have the State make reference thereto." The argument complained of is as follows:

"Mr. Kitchin: What he is saying to you is about the only thing he can say because he has no evidence on his side * * *. He can call any witnesses he wants.

"Mr. Sigoloff: * * * I don't think that is proper argument.

"The Court: Objection Sustained.

"Mr. Kitchin: I closed the case just before lunch * * * . He was free to of-

fer any evidence he had at that time and he offered nothing."

"(Defendant's objection at this point was interrupted by a bench conference and was not ruled.)

"Mr. Kitchin: In other words, the only thing the defense brought you is a complete lack of evidence, nothing, nil. What he is trying to say is because there is no witness [who] actually saw the man remove [the car] that I haven't proved him guilty * * *. There's been no evidence at all to rebut any the State put on, no evidence at all. He had his chance.

"Mr. Sigoloff: * * * that is not proper argument.

"The Court: Overruled. * * *"

The first question for consideration is whether the above argument violated appellant's federally guaranteed rights under the Fifth Amendment to the Constitution of the United States, which provides that no person "* * * shall be compelled in any criminal case to be a witness against himself, * * *." This determination is necessary because the Supreme Court of the United States in 1965 in the case of Griffin v. California, 380 U.S. 609, 611, 85 S.Ct. 1229, 1231, 14 L.Ed.2d 106, held that "comment on the failure to testify violated the Self-Incrimination Clause of the Fifth Amendment which * * * [was] made applicable to the States by the Fourteenth in Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 * * *." Subsequently, in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, the Supreme Court expanded on that subject by holding that the federal right of an accused not to be penalized by the States for exercising his Fifth and Fourteenth Amendment rights to be silent shall be protected by federal, not state, rules and standards. In so holding, the court said, 386 U. S. 1. c. 21, 87 S.Ct. 1. c. 826–827: "With faithfulness to the constitutional union of the States, we cannot leave to the States the formulation of the authoritative laws, rules, and remedies designed to protect people from infractions by the States of federally guaranteed rights. We have no hesitation in saying that the right of these petitioners not to be punished for exercising their Fifth and Fourteenth Amendment right to be silent—expressly created by the Federal Constitution itself—is a federal right which, in the absence of appropriate congressional action, it is our responsibility to protect by fashioning the necessary rule."

■ The question then, is whether the above quoted argument violated appellant's Fifth and Fourteenth Amendment rights as declared in Griffin and Chapman. We hold that it did not. Both Griffin and Chapman involve situations wherein there are *direct* and *certain* references to failure of the accused to testify. Even then, Chapman held that the direct reference might be declared harmless error if the State demonstrated beyond a reasonable doubt that the prosecutor's comments did not contribute to the conviction. 386 U.S. 1. c. 26, 87 S.Ct. 824. In our judgment, Griffin and Chapman did not purport to apply in a factual situation such as here presented wherein there was no direct reference to failure of the appellant to testify. Counsel in his argument commented on the fact that appellant could have called "any witnesses he wanted to," that he was "free to offer any evidence he had," and that defendant had offered no evidence. Counsel then indicated that what was said was in response to argument advanced by counsel for appellant. At the very most, it is arguable that the jury *may* have inferred that this argument related to failure of appellant to testify. It clearly was not a direct and certain reference to failure of the accused to testify. We have found no case wherein the Supreme Court of the United States has articulated a federal standard applicable to the States which would require in a fact situation such as that which confronts us that we hold that the argument violated defendant's Fifth and Fourteenth Amendment rights.

What we have said about the argument not violating appellant's federally guaranteed constitutional rights is applicable also to appellant's rights under Art. I, § 19 of the Constitution of Missouri, V.A. M.S. Its provisions are practically identical with those of the Fifth Amendment to the Constitution of the United States, and the argument would not amount to a violation of appellant's State constitutional rights.

The next question with reference to said argument is whether it was violative of § 546.270, V.A.M.S. (Supreme Court Rule 26.08, V.A.M.R.). That statute was adopted originally by the Missouri Legislature in 1877, when it adopted the statute authorizing defendants to testify in their own behalf (§ 546.260, supra). Section 546.270 provides as follows: "If the accused shall not avail himself or herself of his or her right to testify, or of the testimony of the wife or husband, on the trial in the case, it shall not be construed to affect the innocence or guilt of the accused, nor shall the same raise any presumption of guilt, nor be referred to by any attorney in the case, nor be considered by the court or jury before whom the trial takes place."

■ The argument in this case did not contain direct and certain reference to failure of appellant to testify. In a fact situation such as here presented, the scope of appellate review of the action of the trial court with reference to objections to the argument made is as stated in State v. Tiedt, 360 Mo. 594, 229 S.W.2d 582, 588: "Whether or not a particular improper argument is so prejudicial under the facts in the particular case, as to necessitate a reprimand of counsel or a discharge of the jury, is largely within the discretion of the trial court. An appellate court will not interfere unless the record shows that the trial court abused its discretion to the prejudice of the appellant." This position was reaffirmed by this Court, en Banc, in State v. Hardy, 365 Mo. 107, 276 S.W.2d 90. In this connection, we also note that the United States Court of Appeals for the Eighth Circuit, in Homan v. United States, 279 F.2d 767, 776, stated the general rule "that statements made in oral arguments, to constitute reversible error, must have been plainly unwarranted and clearly injurious."

■ The cases of State v. Baker, Mo., 439 S.W.2d 515, and State v. Morgan, Mo., 444 S.W.2d 490, and cases cited therein, demonstrate that the comments of the prosecutor in this case did not violate the provisions of § 546.270, supra. We have evaluated the entire record. We do not believe the "trial court abused its discretion to the prejudice of appellant." We do not believe the comments of the prosecutor were "plainly unwarranted and clearly injurious." Accordingly, we find no prejudicial error which would justify a reversal of this case.

The judgment is affirmed.

HENLEY, C. J., and HOLMAN, J., concur.

DONNELLY, J., concurs in separate concurring opinion filed.

FINCH, J., concurs and concurs in separate concurring opinion of DONNELLY, J.

SEILER, J., dissents in separate dissenting opinion filed.

MORGAN and BARDGETT, JJ., dissent and concur in separate dissenting opinion of SEILER, J.

DONNELLY, Judge (concurring).

I concur fully in the Per Curiam opinion, but file this concurring opinion so that I may express my view that in future cases, wherein the accused does not testify and does not object, trial courts should instruct the jury to the effect "that a defendant cannot be compelled to take the witness

stand and that the jurors should not permit the failure to testify to influence them in arriving at a verdict." Miller v. United States, 8th Cir., 410 F.2d 1290, 1296. I find support for this point of view in Caton v. United States, 8th Cir., 407 F.2d 367, wherein the Court expressed itself in the footnote at the bottom of page 375, as follows: "In Wilson v. United States, 149 U.S. 60, 13 S.Ct. 765, [37 L.Ed. 650] (1893), Mr. Justice Field held that it was error to comment on the failure of an accused to testify. The decision was based on the Act of Congress of March 16, 1878 (20 Stat. 30) which provided that a criminal defendant could testify in his own behalf but charged that his failure to testify should not create a presumption against him. Mr. Justice Field reasoned that the only way to effectuate the Congressional purpose was to prevent any comment on the failure to testify.

\* \* \* \* \* \*

"Implicit in Mr. Justice Field's reasoning is the conclusion that without comment on the accused's right to testify, a jury, because of the common law rule, then only recently changed, would presume that a defendant was not permitted to testify. It would thus attach little significance to his failure to do so.

"The reverse is perhaps true today. Most jurors are well aware of an accused's right to testify in his own behalf. Experience, however, has indicated that jurors tend to be suspicious of those who do not testify (See, 8 Wigmore, Evidence § 2272 (McNaughton rev. 1961)); thus, in Bruno v. United States, 308 U.S. 287, 292, 60 S.Ct. 198, 200, [84 L.Ed. 257] (1939), the Court recognized the propriety of giving the instructions which admonished the jury that it should not presume guilt from silence:

" 'The only way Congress could provide that abstention from testifying should not tell against an accused was by an implied direction to judges to exercise their traditional duty in guiding the jury by indicating the considerations relevant to the latter's verdict on the facts.' "

I believe the giving of such instruction is permissible under Missouri law. Section 546.270, supra, expressly prohibits only reference "by any *attorney* in the case" to the failure of accused to testify. I recognize that in State v. Robinson, 117 Mo. 649, 663, 23 S.W. 1066, 1070, and in cases which have followed the Robinson case (see 9A Mo. Digest, Criminal Law ☞787), it has been held that *it was not error to refuse to give the instruction*. On the other hand, it has always been considered permissible in Missouri for the trial court *to give the instruction sua sponte*. State v. De Witt, 186 Mo. 61, 84 S.W. 956; State v. Renard, Mo.Sup., 273 S.W. 1058. In State v. De Witt, supra, 186 Mo. 61, 65–67, 84 S.W. 956, 957–958, this Court said:

"A further contention is made that the court erred in instructing the jury 'that the fact that the defendant did not testify should not be considered by the jury in arriving at a verdict in this case, and no juror should be prejudiced against the defendant because he did not testify in the case.' Our statute (section 2638, Rev.St. 1899) provides that: 'If the accused shall not avail himself or herself of his or her right to testify or of the testimony of the wife or husband on the trial in the case, it shall not be construed to affect the innocence or guilt of the accused, nor shall the same raise any presumption of guilt nor be referred to by any attorney in the case nor be considered by the court or jury before whom the trial takes place.' Counsel for defendant urges that the giving of the foregoing instruction was a violation of section 2638, supra, and was a comment on the evidence. The latter objection is clearly not tenable. Certainly it was not a prejudicial comment to defendant. Was it a violation of the statute to mention the failure to testify? Every juror knows that the defendant may testify if he sees fit, and we have often ruled that it is reversible error for counsel for the state to comment upon such failure; but does this instruction in any way fall within the mischiefs which we have so often condemned? We think not. By it the jury were cautioned and

prohibited from using such fact in arriving at a verdict. The jury are required to accept the law of the case from the court, and when the court positively directs them they shall not consider a certain fact how can it be said that such a charge is prejudicial error. We are, however, confronted with what was said in State v. Robinson, 117 Mo. 649, 23 S.W. 1066. In that case the defendant prayed an instruction that his failure to testify should not create any presumption against him, which was refused, and the refusal was assigned as error in this court. It was held not error, and it was added, 'If the court had given such an instruction, it would have disobeyed the spirit, if not the letter, of the law.' That such an instruction is not necessary, and that it would not be error to refuse it, we may concede; but is it reversible error to give it in the form in which this sixth instruction was given in this case? Upon a full reconsideration of the point we are satisfied it was not prejudicial to the defendant. It is the law that the jury shall not consider the failure of the defendant to testify, and how can it, in reason, be held error for the court to caution the jury against considering that which the law forbids? Taking the whole section together, and the purpose of its enactment, we think it was designed to prevent the indulging of any adverse presumption by court or jury from the failure of defendant to testify, and to prohibit any adverse comment on that account; but to say that when a court directs a jury they shall not consider such a failure to testify in making up their verdict amounts to an adverse comment is illogical and unreasonable, and we must reject such a conclusion. We think that while it was unnecessary to give the instruction it was not reversible error to do so."

In State v. Denison, 352 Mo. 572, 581, 178 S.W.2d 449, 455, appears the following language: "Our cases have followed a vacillating course in deciding whether the jury should be instructed about their duty under the statute to ignore the defendant's failure to testify. The conclusion reached seems to be that the statute forbids the giving of such an instruction, even on the defendant's request, because the instruction, itself, would amount to a comment on his failure to testify; or at least that [it] is not error to refuse the instruction. In consequence, our established practice is rigidly to refrain throughout the trial from any reference to the defendant's failure to take the witness stand. The jury simply are not informed about the requirements of the Constitution and statute." I would reject this language because (1) the propriety of giving the instruction sua sponte was not an issue in the Denison case, and (2) it ignored the De Witt holding. I would reaffirm the holding in the De Witt case to the effect that it is permissible in Missouri for the trial court to give the instruction sua sponte.

Accordingly, I would hold that in all criminal cases, in which trial begins after the date of publication of such holding in the advance sheet of the Southwestern Reporter, and wherein the defendant does not testify *and does not object* (cf. Caton v. United States, supra), trial courts should give an instruction in substantially the following form (cf. Mathes and Devitt, Federal Jury Practice and Instructions, § 9.-11):

"The law does not compel a defendant in a criminal case to take the witness stand and testify, and no presumption of guilt may be raised, and no inference of any kind may be drawn, from the failure of [the] defendant to testify."

The adoption of the above procedure would affect future cases as follows:

(1) In all cases where comments are made by the prosecutor which *do not* constitute *direct* and *certain* references to the failure of the accused to testify, but *may* have been so understood by the jury, and, therefore, *may* have influenced their verdict, the giving of such instruction would, in most instances, render any error harmless. In United States v. DiCarlo, 2 Cir., 64 F.2d 15, l. c. 18, the Court said: " * * *

We should be blind to realities if we supposed that juries are unconscious of the omission of a defendant to take the stand, and we think the express instruction to the jury in this case, that this fact must not prejudice the defendant, did all that could ever be done to prevent the consideration by them of the omission in arriving at their verdict." See also Baker v. United States, 8th Cir., 115 F.2d 533, 544; Coleman v. Denno, D.C., 223 F.Supp. 938; United States ex rel. Coleman v. Denno, 2 Cir., 330 F.2d 441; and Miller v. United States, supra, 8 Cir., 410 F.2d 1290, 1296.

(2) In all cases where comments are made by the prosecutor which *do* constitute *direct* and *certain* references to the failure of the accused to testify, the giving of such instruction *would not* render the error harmless and the case would be reversed and remanded for new trial. Section 546.-270, supra; State v. Shuls, 329 Mo. 245, 44 S.W.2d 94.

In my opinion, the question presented by the prosecutor's argument in this case evidences the need to establish a procedure which will serve effectually to (1) protect the constitutional and statutory right of an accused to remain silent, and (2) preserve as well the right of the State to effectively argue its case. I believe adoption of the suggested procedure would represent a conscious effort on the part of this Court to resolve this troublesome problem and to minimize the possibility of reversible error because of arguments such as were made in this case.

I concur in the Per Curiam opinion because I find no prejudicial error in this case even absent the giving of the suggested instruction. I believe the suggested procedure, if adopted, would not constitute a "constitutional adjudication" making it necessary (1) that the defendant have the benefit of it, and (2) that the case be reversed and remanded. Cf. Stovall v. Denno, 388 U.S. 293, 301, 87 S.Ct. 1967, 18 L.Ed.2d 1199; State v. Tyarks, Mo.Sup.,

433 S.W.2d 568, 570. Therefore, I concur in the Per Curiam opinion and express my additional views in this concurring opinion.

SEILER, Judge (dissenting).

I respectfully dissent. Regardless of whether there was constitutional error in the presecutor's argument about defendant's failure to testify, this does not excuse or justify violation of our statute, Sec. 546.-270, V.A.M.S., which prohibits reference by the prosecutor to defendant's failure to testify, and the case should therefore be reversed and remanded.

This view necessitates a statement of what the facts were at the trial. There were only three witnesses: the owner of the Chevrolet, the owner's husband, and the policeman. The husband parked the car near their apartment at 3701 Lindell Boulevard around 2:00 p. m., July 21, 1968. Neither he nor his wife paid any attention to the car the rest of the day or knew that it had been moved, until the police called them sometime after midnight and took them to Compton and Delmar where the car had been found. The policeman testified he was on patrol in the early morning hours of July 22. He was unaware the Chevrolet had been stolen and his attention was attracted to the vehicle simply because he saw it was stopped "in the rear of approximately 720 North Compton" with its inside dome light burning. Upon investigation defendant was found "seated behind the [steering] wheel of the automobile * * * leaning over rummaging through the glove compartment". At that time the windows of the Chevrolet were down, its motor was running, and there were "numerous articles on the front seat * * * that apparently had been taken from the glove compartment". The ignition switch was missing. Also on the front seat was a screw driver and a bent coat hanger, which the owner's husband said "I did not own". When defendant was searched, an automobile ignition switch was found in his shirt pocket

which the officer said fit the Chevrolet. Defendant proffered no evidence and did not testify at the trial. These were the facts before the jury on which the argument set forth on page 2 of the per curiam opinion was made.

On the record before us, there was no evidence before the jury that anyone other than defendant knew anything about how or why he happened to be in the automobile when it was noticed by the policeman. So when the prosecutor argues, "He can call any witnesses he wants * * * He was free to offer any evidence he had at that time and offered nothing", what does this refer to? What did defendant have to offer, so far as the evidence before the jury indicated, other than himself as a witness?

When the prosecutor argues " * * * the only thing the defense brought you is a complete lack of evidence * * * He had his chance", the question would naturally occur to the jurors, chance to do what? Take the stand and testify?

The above statements of the prosecutor and the questions they raise must be viewed in the light of what had transpired in the case, the nature of the evidence produced, the fact that the burden of proof of proving defendant's guilt was upon the state, the complete absence of any evidence there were witnesses (other than defendant himself) subject to call by defendant and available to him, and how the argument would appear to an ordinary reasonable person on the jury. So viewed, it is clear the prosecutor has accentuated defendant's failure to testify, whereby the jury is induced to consider his silence as pointing to his guilt, because he has let the state's case go unanswered.

The collection of quotations from approved arguments in the two cases cited by the per curiam opinion, State v. Baker (Mo.Sup.) 439 S.W.2d 515, and State v. Morgan (Mo.Sup.) 444 S.W.2d 490, show how we have kept extending what the prosecutors can argue. Now the court is holding that since the argument before us "did not contain direct and certain reference to failure of appellant to testify", the comments of the prosecutor were not "plainly unwarranted and clearly injurious", relying in part on a federal decision, Homan v. United States (C.C.A. 8) 279 F. 2d 767, which does not involve a statute such as we have here or even the question of comment by the prosecutor on the failure of the defendant to testify, and State v. Tiedt, 360 Mo. 594, 229 S.W.2d 582, which was a four to three decision by this court, which turned on *waiver* by defendant of his right of non-reference under the statute, an entirely different question. Waiver is not involved in the present case.

What the court is doing is to dilute Sec. 546.270, V.A.M.S. by adding to it the word "directly", so that the portion here under consideration reads "nor be *directly* referred to by any attorney in the case".

This, in my opinion, respectfully submitted, is wrong for two reasons:

1. We have no authority to change the statute by adding a word to it.

2. We thereby encourage the use of devious and indirect argument by prosecutors, who will now know they are safe so long as they do not not use a direct, meat-ax approach. We require new lawyers to take an oath of admission which says they "will never seek to mislead the judge or jury by any artifice". Our Rule 4.22 requires a lawyer to conduct himself with "candor and fairness". Yet we tell prosecutors they can refer to the failure of the accused to testify, so long as they do not do so directly. We are rewarding artifice and encouraging the tactic of getting before the jury indirectly what cannot be done directly.