**STATE of Missouri, Plaintiff-Respondent,**

v.

**Ralph L. VOEGTLIN, Defendant-Appellant.**

**No. 35410.**

Missouri Court of Appeals,
St. Louis District,
Division One.

April 30, 1974.

489

Christopher Hexter, Donald L. Schmidt, Legal Aid Society, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., John D. Chancellor, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

WEIER, Judge.

Defendant was found guilty of the offense of burglary in the second degree. Having been charged under the Second Offender Act, he was sentenced by the court to a term of ten years. On this appeal, he raises two issues concerning the impropriety of remarks made by the state's attorney in his final argument. We affirm.

Defendant's first contention of error is directed to the court's allowing certain comments to be made in the presence of the jury with regard to defendant's failure to testify. In the first instance, the state's attorney said: "The officers testified and for the purposes of the record I'm looking at State's Exhibit Number 6, that is a photograph of the window. Now true it's not all the way open now. Whether it pushed back down after they are in or slid down, that is not the important thing. The officers testified that that was the window that was pried open. Now when you come in on a case as this and the evidence is overwhelming as Mr. Wendt (defendant's

attorney) knows it is . . ." To this, defendant's attorney objected generally without setting forth any ground. The state's attorney then interjected, "This is argument." To this, the court replied: "Well not that type of argument, Mr. Chancellor." Sometime later, after calling the attention of the jury to the amount of evidence which he, the prosecutor, had brought before them, some of which he admitted might have been boring to the jury, he commented: "Let me say also to you and I harken back to what I was saying before, I gave you evidence. I gave you plenty of evidence and when I finished Mr. Wendt had that same opportunity." At this time defendant's attorney objected generally without stating grounds, and requested a mistrial. The request for mistrial was denied and the objection sustained by the court. Following a discussion at the bench, the state's attorney resumed his argument by saying: "The evidence you have before you is completely uncontradicted." Again, defendant's attorney objected without setting forth his reasons, and the court overruled the objection.

Urging that these statements call the attention of the jury to his failure to testify, defendant argues that the facts of this case come within the scope of Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), holding that such comments violate the accused's rights under the Fifth Amendment to the United States Constitution.[1] He also correctly points out that § 546.270, RSMo.1969, V.A.M.S., and Supreme Court Rule 26.08, V.A.M.R. both specifically prohibit comment upon a defendant's failure to testify. As pointed out, however, in State v. Hutchinson, 458 S.W.2d 553, 555 (Mo. banc 1970),[2] both Griffin and Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) involved situations wherein there

1. Article I, Section 19, Mo.Const.1945, V.A.M.S., accords defendant the same right.

2. As pointed out in the concurring opinion in State v. Hutchinson, *supra*, 458 S.W.2d 553,

556, most jurors are well aware of an accused's right not to testify but tend to be suspicious of those who do not. An instruction on this right of a defendant must now be given if requested. MAI–CR 3.76.

were direct and certain references to failure of the accused to testify. So here too, the argument in this case did not contain *direct and certain reference* to the failure of defendant to testify. A reference to the failure of the accused to offer evidence is not prohibited. State v. Sechrest, 485 S.W.2d 96, 98 [2, 3] (Mo.1972); State v. Pruitt, 479 S.W.2d 785, 789 [8] (Mo. banc 1972).

■ Defendant further maintains that when you consider all three statements together, their cumulative effect was to call the jury's attention to the fact that the defendant did not testify. "Cumulative effect" of statements by a prosecutor, not unlike those made here, was considered in State v. Thompson, 425 S.W.2d 80, 85 [10] (Mo.1968) and found not to be in violation of the constitutionally protected privilege to remain silent. We find no merit in this argument. The three statements of the prosecutor *do no more here than point out* that while the defendant's attorney had the opportunity to present evidence, the testimony on behalf of the state was not contradicted.

Defendant's second contention of error is directed to that portion of the closing argument where the prosecutor directed his comment toward law enforcement in the community, the free will of the defendant in engaging in illegal activity, and the propriety of sending a person to the penitentiary. He then stated: "When you decide to live in this community and you decide to follow its laws then you are properly there, but when and if those people, the Gary Williams, the Ralph Voegtlins don't, and when they violate the rights of others, the only thing that you can do is to take them out of the community. To remove them and put them in a place where they cannot molest and violate the laws of the community until such time that someone in authority deems they should return. That's all you're doing."

Defendant contends that the quoted remarks contained references to the need for his incarceration in order to prevent him from committing crimes in the future. This, he argues, amounts to reversible error. Particularly emphasized is the plea "[t]o remove them and put them in a place where they cannot molest and violate the laws of the community * * *."

■ No objection, however, was raised by appellant to these remarks when made nor was the supposed reference to his deterence from future crime noted in his motion for new trial. On this ground alone, defendant's second point should be dismissed. State v. Martin, 411 S.W.2d 241, 242 [4], (Mo.1967). But defendant claims the benefit of "plain error" under Rule 27.-20(c), particularly under the ruling in State v. Heinrich, 492 S.W.2d 109 (Mo. App.1973), where at p. 115 the prosecutor is quoted as saying: "'Should this man ever be allowed to walk the streets, will he ever be able to walk into society without all of us being afraid.'" We do not read the statement by the prosecutor in *Heinrich* to be the same as that of the prosecutor here. In the summation here complained of, the reference is directed toward law enforcement and the necessity of taking violators of the law and placing them in prison. He is not directing his remarks specifically to defendant Voegtlin and urging the jury to put him away because of fear of future crime which he might commit upon them or other members of the community. Rather he is talking about what should be done with people like Voegtlin.

■ In this respect, the prosecutor's remarks are somewhat like those quoted in State v. Crawford, 478 S.W.2d 314 (Mo. 1972) at p. 320, where the remarks complained of were: "'A society, a community only gets the type of law enforcement that it wants and you gentlemen are the Society. You are going to decide in this case whether this community wants this type of conduct going on and whether you want this type of man to be walking the streets and—.'" As pointed out by the court

there, this was not suggestive of personal danger to the jurors or to members of their families if defendant was acquitted. It was construed as a permissible call for law enforcement and discouragement of the type of crime that the defendant was accused of.

Finding a lack of significant difference between the prosecutor's comments in that case and the one at bar, we determine that the statements in question do not constitute reversible error.

The judgment is affirmed.

SIMEONE, Acting C. J., and KELLY, J., concur.