**STATE of Missouri, Respondent,**

v.

**Fred BARBER, Jr., Appellant.**

**No. KCD 27390.**

Missouri Court of Appeals,
Kansas City District.

June 2, 1975.

Willard B. Bunch, Public Defender, Gerald Handley, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., K. Preston Dean, II, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., PRITCHARD, C. J., and SWOFFORD, J.

SOMERVILLE, Presiding Judge.

Defendant stood charged by information with feloniously stealing over $50.00. He was tried before a jury and found guilty. In view of the jury's inability to agree on his punishment, the court fixed and imposed a sentence of four years in the Missouri Department of Corrections. This appeal followed.

The following evidence presented at the trial was sufficient to permit a reasonable belief by the jury of defendant's guilt of the charged offense beyond a reasonable doubt. About 5:50 p. m., on October 10, 1973, defendant approached the fine jewelry counter at Macy's department store on the Plaza, in Kansas City, Missouri, and asked to see a men's diamond ring. Specifically, he asked to see one certain ring with seven diamonds, weighing about a carat and a half, and valued at $750.00. A sales clerk (Kirk Reasoner) took the ring from beneath the counter and handed it to defendant for inspection. Defendant held it in his right hand for a minute or two, and when another customer several feet away asked the sales clerk the price of a certain watch, defendant closed his hand upon the ring, turned, and ran out of the store. Defendant did not pay for the ring and did not have permission to take the ring out of the store. The sales clerk gave chase until defendant was observed entering an automobile, which then drove away. The sales clerk copied down the license number of the automobile which defendant fled in, returned to the store, and gave the license number to the Plaza Security Police. The

sales clerk positively identified defendant as the man who took the ring from the store on the day in question.

Although defendant did not testify, he did present four witnesses. Marvin Jacks, defendant's cousin, was shown to have had exclusive use of the automobile whose license number was obtained by the sales clerk. Jacks testified that on October 10, 1973, he got off work at 3:00 p. m., and left his place of employment at 5:00 p. m., after spending the intervening two hours talking with friends. He was employed as a butcher at Winstead's, located near the Plaza. From his place of employment he went to pick up his father and then went home. He did not stop his car while driving through the Plaza. He testified he did not see defendant after he got off work. He said he had been arrested for this crime but was never prosecuted.

Barbara Jacks, mother of Marvin Jacks, testified that she saw her son arrested in front of her home and saw the police search the automobile. She had not seen defendant, Fred Barber, nor was he present when her son's arrest occurred. Carol Shanahan testified that she was chief criminal records clerk at the Jackson County Department of Corrections. She identified pictures of defendant made when he was taken into custody and placed in jail on October 12, 1973. Ken Cope, an employee of the Missouri Board of Probation and Parole, had known the defendant since May of 1973. He testified that he had never known defendant to wear an Afro hairstyle (the sales clerk reported to the police that the man who took the ring from the store had a medium length Afro hairstyle).

On appeal, defendant makes only one claim of error—that certain statements made by the prosecuting attorney during closing argument amounted to impermissible comments on his failure to testify. The controversial statements compositely read as follows: "There's no one that could tell us where the ring is, no one could tell us where Fred Barber was that night . . . I feel the crucial issue in this case was did Fred Barber take that ring, and from the testimony of Marvin Jacks, from the testimony of Mr. Reasoner, and from the testimony of Detective Beck, and the lack of knowledge of where Fred Barber was that night—." An objection followed asserting that the statement constituted a direct comment on defendant's failure to take the stand and testify. The objection was overruled.

Defendant advances on appeal the frequently repeated argument that the complained of statements vitiated his constitutional right (Fifth Amendment, Constitution of the United States) to stand silent and were proscribed by Section 556.270, RSMo 1969, V.A.M.S., and Rule 26.08, V.A. M.S.

In addressing defendant's singular claim of error, it is noted that cases dealing with analogous claims have required a direct and certain prosecutorial reference to defendant's failure to testify in order to warrant a reversal. State v. Frankoviglia, 514 S.W.2d 536 (Mo.1974); State v. Jenkins, 516 S.W.2d 522 (Mo.App.1974), and State v. Voegtlin, 509 S.W.2d 488 (Mo.App.1974).

The complained of statements were not direct and certain references to defendant's failure to testify in his own behalf since they were fairly susceptible of being variously interpreted by reasonable persons. One reasonable interpretation is that they constituted a fair summation (albeit an imperfectly worded one) of the testimony of defense witnesses Marvin and Barbara Jacks that they had not seen defendant on the day of the theft. Another reasonable interpretation is that they merely suggested that none of the witnesses called by defendant testified as to his whereabouts at the time of the theft. Argumentative reference to the fact that none of defendant's witnesses testified as to his whereabouts was not tantamount to a direct and certain comment on his failure to

testify in his own behalf. State v. Jenkins, supra, and State v. Maxwell, 376 S.W.2d 170 (Mo.1964).

In the argument portion of his brief, defendant proffers the unwarranted assumption that he was the only person who could have testified as to his whereabouts, and therefore the prosecutorial statements were a direct comment on his failure to testify. This contention is fallacious because the hypothesis upon which it rests lacks verity.

Since the complained of portions of the prosecutor's closing argument fall considerably short of direct and certain references to defendant's failure to testify, the trial court did not err in overruling defendant's objection thereto.

Judgment affirmed.

All concur.