**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Lem HEMPHILL, Defendant–Appellant.**

**No. 40993.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 28, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 12, 1980.

Application to Transfer Denied
Jan. 13, 1981.

John Ashcroft, Atty. Gen., Paul Robert Otto, Kathleen Mills, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for plaintiff–respondent.

DOWD, Presiding Judge.

Lem Hemphill, defendant herein, appeals from his convictions of second degree murder, first degree robbery and armed criminal action. Defendant was sentenced under the Second Offender Act to life imprisonment for the murder conviction, a consecutive sentence of twenty years for the robbery conviction and a concurrent sentence of ten years for the armed criminal action conviction.

On the evening of December 3, 1977, Lem Hemphill attended a party that was, essentially, a "floating crap game". Donald Hunter, also at the party, won a bet from Hemphill and remarked, "Throw me the money off the punk." Hemphill reacted angrily to Hunter's comment, and Hunter apologized. Shortly thereafter Hemphill left the party, and approximately forty–five minutes later he returned with a handgun. Hemphill instructed everyone to place their money on the table, and turning to Hunter, who had his hands raised, he said: "Well, so you called me a punk, well the punk is back again." Hemphill then fatally shot Hunter, took the money and fled.

The defendant alleges initially that the trial court erred in denying his Motion for New Trial because a remark made by the prosecutor during closing argument violated defendant's constitutional right against self–incrimination in that it made an indirect reference to his failure to testify. The defendant also alleges that the trial court erred in denying his Motion to Dismiss the indictment because charging him with first degree robbery and armed criminal action arising from a single incident violated the constitutional prohibition against double jeopardy.

The law in Missouri is that defendant's constitutional right against self–incrimination is violated when a prosecutor

John J. Allan, St. Louis, for defendant–appellant.

makes a direct reference to the defendant's failure to testify. § 546.270 RSMo 1978; Rule 26.08; *State v. Reed*, 583 S.W.2d 531, 534 (Mo.App.1979); *State v. Hutchinson*, 458 S.W.2d 553, 555 (Mo.1970). A defendant's right against self–incrimination may also be violated when, during closing argument, a prosecutor makes an indirect reference which operates to focus the jury's attention on the fact that defendant failed to testify. *State v. Reed*, 583 S.W.2d 531, 534 (Mo.App.1979); *State v. Watson*, 588 S.W.2d 20, 21–22 (Mo.App.1979); *Eichelberger v. State*, 524 S.W.2d 890, 894 (Mo.App. 1975). A prosecutor is not prohibited, however, from commenting upon the defendant's failure to offer evidence in his behalf. *State v. Hodges*, 586 S.W.2d 420, 427 (Mo. App.1979); *State v. Mason*, 588 S.W.2d 731, 737 (Mo.App.1979).

■ The trial court is in the best position to control the scope of closing argument. This court will not reverse a conviction on the grounds of an allegedly prejudicial closing argument unless the transcript clearly indicates that the trial court abused its discretion in determining that the prosecutor's remarks were permissible. *State v. Lacy*, 548 S.W.2d 251, 252 (Mo.App.1977); *State v. Hutchinson*, 458 S.W.2d 553, 556 (Mo. banc 1970).

The prosecutor's remark which defendant claims makes an impermissible indirect reference to defendant's failure to testify was as follows:

> "Judge the defendant's evidence when he puts it on. He doesn't have to put on any evidence, the burden is on me, but when he puts it on, judge that evidence the same as you do the State's evidence. He did call one witness who wasn't there that night; that was Pearline Hemphill."

The prosecutor was reviewing the evidence presented during the trial for the benefit of the jury immediately before and after the allegedly improper remark. Read in the context of the transcript it is a more reasonable inference that the prosecutor's remark referred to the appellant's failure to produce evidence than it is to infer that it alluded to the appellant's failure to testify.

■ The defendant has failed to demonstrate in what manner he was prejudiced by the prosecutor's comment and we, therefore, find no error in the trial court's denial of defendant's motion for new trial. *State v. Smith*, 527 S.W.2d 731, 733 (Mo.App. 1975).

■ The Missouri Supreme Court held convictions for both first degree robbery and armed criminal action arising out of the same incident to be violative of the prohibition against double jeopardy. *Sours v. State*, 593 S.W.2d 208, 210 (Mo. banc 1980). Our Supreme Court has recently reaffirmed its conclusion that conviction of armed criminal action and of the underlying felony constitutes a violation of the rule against double jeopardy. *Sours v. State*, 603 S.W.2d 592 (*Sours II*) (Mo. banc 1980). We are, therefore, compelled to reverse defendant's conviction for armed criminal action. The convictions for second degree murder and first degree robbery are affirmed.

REINHARD and CRIST, JJ., concur.