**STATE of Missouri, Respondent,**

v.

**David A. RINEHART, Appellant.**

**No. WD 32542.**

Missouri Court of Appeals, Western District.

Dec. 14, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Feb. 1, 1983.

Application to Transfer Denied March 29, 1983.

Robert G. Duncan, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Kelly Klopfenstein, Asst. Atty. Gen., Jefferson City, for respondent.

Before NUGENT, P.J., and TURNAGE and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

Defendant appeals from a jury conviction for the Class B felony of rape, § 566.030, RSMo 1978, for which he was sentenced to 15 years imprisonment. He states two points of error, the first concerning the trial court's refusal to allow him to cross examine the minor victim about an allegedly false accusation of molestation by another individual, the second concerning the prosecutor's comments on his failure to testify. Affirmed.

The victim of the rape was defendant's stepdaughter, who was eight years old at the time of the offense. Defendant took her hill climbing in Clay County in his pick-up truck. While they were in a secluded area, defendant told the victim to take off all of her clothes, and then twice engaged in sexual intercourse with her. Defendant did not testify nor present evidence. He does not question the sufficiency of the evidence.

**I.**

During cross examination of the victim, defendant's attorney asked her if she knew a man named John S_____, at which point the prosecutor objected to the question as irrelevant. Upon defense counsel's request, the parties approached the bench, whereupon defense' counsel told the court that he had information that the victim had made a "false claim that this same thing happened involving a Mr. John S_____." The court sustained an objection. Defense counsel then made the following offer of proof:

I'd make an offer of proof that prior to the event that we are discussing in evidence that this young lady made a statement to her stepfather and to her mother than [sic] a neighbor whose wife babysat for her, a Mr. John S_____, that he had molested her and attempted to do this. And that that claim proved to be false.

The court sustained the state's objection to the offer.

Defendant contends the trial court erred in sustaining both of the state's objections, maintaining that his sixth amendment right to confrontation was violated by refusing him the opportunity to challenge the credibility and veracity of the complaining witness.

Defendant's offer of proof does not preserve for review the error he alleges:

To preserve the exclusion of proffered evidence for review it is essential that a proper question must be asked, and, on objection thereto, an offer must be made at the time showing *what evidence will be given if the witness is permitted to answer, the purpose and object of the testimony sought to be introduced, and all facts necessary* to establish the admissibility of the evidence ... The öffer of proof must contain all of the facts necessary to establish the admissibility sought to be introduced in sufficient detail to demonstrate its relevancy and materiality
. . . .

*State v. Harlston,* 565 S.W.2d 773, 783 (Mo. App.1978) (emphasis added, citations omitted). The assertion in the offer that the victim made a prior false accusation constitutes nothing except for a conclusion—it fails to detail for the court the specific facts which would support either the allegation that an accusation was made or, more importantly, *any* evidence that such an accusation was false. In light of the potential

prejudicial impact of allowing defense counsel's questioning, it was imperative that the trial court have even a scintilla of evidence that the victim's alleged accusation was false, as this was the linchpin to defendant's attack on the victim's credibility. *See State v. Browner,* 587 S.W.2d 948, 958 (Mo.App. 1979). Defendant's offer of proof did not state "the purpose and object of the testimony sought to be introduced" nor "all facts necessary to establish the admissibility of the evidence" (*Harlston, supra*), and, therefore, was insufficient to show the relevancy or materiality of the testimony. *State v. Ealey,* 624 S.W.2d 465, 469 (Mo. App.1981). *See State v. Umfrees,* 433 S.W.2d 284, 286 (Mo. banc 1968). It must be assumed the party making the offer has done so as fully and favorably as he could. *State v. Davis,* 515 S.W.2d 773, 775 (Mo. App.1974).

■ The defendant's offer did not state when the alleged incident with John S_____ occurred, how old the victim was at the time, it is contradictory in that it stated the neighbor had "molested her" and then stated he had "*attempted* to do this", but, most importantly there is no factual basis shown to support the contention the prior claim was false (did she admit a fabrication or was there an adjudication of such?) "The mere asking of the question infers that there is a basis for believing false information was given, which inference may remain with the jury even if a negative answer is given." *State v. Powers,* 613 S.W.2d 955, 960 (Mo.App.1981). In this case, as in *Powers,* counsel had the opportunity to show any *basis* he had that false information had been given by the witness, but chose not to do so.

The trial judge did not abuse his discretion in refusing defendant's offer, nor in sustaining the objection to the question. Defendant's first point is denied.

## II.

■ During the initial portion of closing argument, the prosecutor made the following comments: "[Defense counsel] could have called any witness he wanted. [He] could have put on any witness he wanted. And what has he brought you? He has brought you an absolute zero. Nothing." The attorneys approached the bench and defense counsel moved for a mistrial, asserting that the prosecutor's comment was a direct comment on defendant's failure to testify. Defendant's motion and subsequent objection was overruled, out of the hearing of the jury.

Later, in the rebuttal portion of the state's closing argument, the prosecutor made the following comments:

> Are you going to believe [the victim]. Or are you going to believe the side that brought you no evidence whatsoever. [Objection and motion for mistrial overruled] ... Doesn't it make you wonder? Just out of common sense why on earth [defense counsel] didn't bring you any evidence. [Objection renewed] ... You can talk about it all you want, but doesn't it make you wonder why he didn't bring any evidence? [Objection overruled].

Several similar comments were made thereafter but not objected to by the defendant.

Defendant contends the prosecutor's comments violated Rule 27.05(a), § 546.270, RSMo 1978, the fifth amendment of the United States Constitution and Article I, § 19 of the Missouri Constitution. This same contention has been addressed many times and been rejected on the grounds that reference to the failure of the accused to offer evidence or call witnesses is not a "direct and certain" reference to the accused's own failure to testify. *State v. Inscore,* 592 S.W.2d 809, 812–813 (Mo. banc 1980); *State v. Hutchinson,* 458 S.W.2d 553, 554–56 (Mo. banc 1970); *State v. Hemphill,* 608 S.W.2d 482, 484 (Mo.App.1980); *State v. Jenkins,* 516 S.W.2d 522, 528 (Mo.App.1974). Defendant attempts to distinguish these cases, and to characterize *Inscore* as "not accurate" in its interpretation of *Hutchinson.* In *Hutchinson* the argument complained of was to the effect "no evidence on

his (defendant's) side." "He offered nothing", "he put on no evidence at all, he was free to offer evidence," were held not to be a direct and certain reference to defendant's failure to testify. *Inscore,* also an *en banc* decision, involved comment defendant's not producing evidence and as such was held not to be a reference to failure to testify. *Inscore* and *Hutchinson* control here despite defendant's allegations to the contrary. Because those decisions cannot logically or factually be distinguished from the case at bar, defendant's second point is denied.

The judgment of the trial court is affirmed.