**STATE of Missouri, Respondent,**

v.

**Bernard JOHNSON, Appellant.**

**No. 46063.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 20, 1983.

Motion For Rehearing and/or Transfer to
Supreme Court Denied
Oct. 26, 1983.

Application to Transfer Denied
Dec. 20, 1983.

Maria V. Perron, Asst. Public Defender, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

The state charged and the jury found defendant Bernard Johnson guilty of stealing Donald Novak's auto. The trial court fixed defendant's sentence at ten years in prison as a persistent offender. He appeals.

Here defendant first claims error in letting arresting officer Jeffrie Jacobs testify to burglar tools he seized from the stolen car defendant was driving; this because the arrest was without reasonable suspicion of criminal activity. Defendant also claims error in failing to declare a mistrial when in closing argument the prosecutor commented on defendant's failure to introduce evidence or testify.

■ As to the arrest officer Jacobs testified he was patrolling at two a.m. when he saw defendant and two passengers parked at an all-night convenience store. As the officer passed the car sped away and he noticed its trunk lid was damaged and tied down. The officer followed and saw defendant and his two passengers "continually turning, watching my police car." When the officer turned on his warning lights defendant stopped. The officer went to the car and in plain view saw a dent puller and a jimmied ignition switch; he arrested defendant. Later, Donald Novak testified the stolen car was his.

Defendant offered no evidence.

Here defendant contends his arrest was without reasonable suspicion of criminal activity and therefore the items seized were the fruit of an illegal stop and arrest. The state counters that the original stop was a proper investigative stop because police officer Jacobs reasonably supposed from defendant's speeding away in a damaged car that he might be involved in some criminal action.

The trial court denied defendant's objection, holding:

"The Court finds that the officer had reasonable suspicion to stop and investigate and based on the conduct of the parties occupying the vehicle and the suspicious circumstances of the vehicle. And the Court finds the conduct of the officer in this matter did not go beyond that necessary to investigate the reasonable circumstances."

This accords with State v. Lasley, 583 S.W.2d 511 [8–11] (Mo. banc 1979) holding:

"the 'reasonable suspicion' that entitles an officer to stop an individual is present when the officer is 'able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.'"

We followed this principle in *State v. Rayford*, 646 S.W.2d 137[4] (Mo.App.1983) holding "reasonable suspicion" to arrest need not rise to the level of probable cause.

■ We deny defendant's claim of illegal arrest and take up his other point about closing jury argument. Therein the prosecutor closed by reviewing the state's evidence and adding: "And then the defense had the opportunity to put on evidence. They chose not to do so."

We hold this argument did not violate defendant's right to have his silence unchallenged. It was not a direct and certain reference, or any reference, to defendant's failure to testify. No error here. Compare *State v. Hutchinson*, 458 S.W.2d 553[3, 5] (Mo. banc 1970).

Affirmed.

CRANDALL, P.J., and REINHARD and CRIST, JJ., concur.